**SWIGART LAW GROUP, APC**
JOSHUA B. SWIGART (State Bar No. 225557)
josh@swigartlawgroup.com
KATHERINE A. TUOHY (State Bar No. 353967)
katherine@swigartlawgroup.com
2221 Camino del Rio S, Suite 308
San Diego, CA 92108
Telephone: (866)-219-3343

**THE LAW OFFICE OF QUINTIN G. SHAMMAM**
QUINTIN G. SHAMMAM (State Bar No. 246926)
2221 Camino del Rio S, Suite 207
San Diego, CA 92108
Telephone: (619)-444-0001
Facsimile: (619)-501-1119
Email: quintin@shammamlaw.com

**THE LAW OFFICE OF JOSEPH M. ATTIQ**
JOSEPH M. ATTIQ (State Bar No. 361905)
2221 Camino del Rio S, Suite 207
San Diego, CA 92108
Telephone: (619)-520-5201
Email: joseph@attiqlaw.com

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Emmanoel Hallak, an individual, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>KARABETIAN IMPORT & DISTRIBUTION, INC.,<br><br>        Defendant. | CASE NO. **'26 CV 3269 AJB  DDL**<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

- 1 -
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff EMMANOEL HALLAK ("Plaintiff"), by and through his attorneys, brings this class action on behalf of himself and the Classes, as defined below, against Defendant KARABETIAN IMPORT & DISTRIBUTION, INC. ("Defendant"). The following allegations are based upon information and belief, including the investigation of Plaintiff's counsel and laboratory testing conducted as of January 2026 and are as follows:

## INTRODUCTION

1. This class action addresses a profound breach of consumer trust by Defendant, which has misled thousands, if not millions, through its product branded BELLA GOURMET FOODS and labeled "**CANOLA & EXTRA VIRGIN OLIVE OIL MEDITERRANEAN BLEND**" (the "Mislabeled Product"). Laboratory testing reveals a troubling reality – the Mislabeled Product contains no detectable olive oil and consists entirely of canola oil, despite the labeled "**CANOLA & EXTRA VIRGIN OLIVE OIL MEDITERRANEAN BLEND**" labeling, prominent depiction of a cluster of olives, and small-font label on the bottle listing "healthy blend of canola oil and olive oil". This uniform mislabeling scheme was developed, approved, and disseminated from Defendant's headquarters in California and has deceived consumers nationwide through both online and retail sales channels. This misconduct violates California law in three critical ways: (1) the failure to label the product as "mixed vegetable oil" as required; (2) the omission of accurate blend proportions; and (3) the complete absence of olive oil. These violations demand accountability for a company that has prioritized profit over people.

2. In addition to violating California Health & Safety Code § 112895(b), Defendant's conduct constitutes false advertising, unfair competition, and deceptive business practices in violation of California Business & Professions Code § 17200 and § 17500, common-law fraud and deceit, breach of the implied warranty of merchantability, and unjust enrichment. These interrelated violations form a single, uniform course of deceptive conduct affecting consumers nationwide.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

3. Consumers, drawn to olive oil for its recognized health and culinary value – a preference supported by the guidance of doctors and nutrition experts – were deceived into purchasing a product they believed was a genuine olive oil blend. Laboratory testing confirms it consists entirely of canola oil, a stark departure from their expectations. This serious misrepresentation has caused significant financial harm to Plaintiffs and other nationwide purchasers who paid a premium for a product that was neither what it claimed to be nor fit for its advertised use. Many consumers would not have purchased or consumed it at all had they known the truth.  Comparable cases like *Koller v. Deoleo USA, Inc.* (N.D. Cal 2018), which reportedly resulted in a $7 million settlement, and *Kumar v. SALOV North America Corp.* (N.D. Cal 2017), which reportedly obtained approximately $5 million in relief, involved products that allegedly misstated the olives' country of origin; Defendant's complete substitution of canola oil for olive oil is a far more egregious deception, warranting substantial redress.

4. Defendant's actions reflect a troubling disregard for consumer protection and public health, exploiting trust in olive oil's reputation to boost profits. The triple violation of California Health and Safety Code Section 112895(b) – failing to use the required "mixed vegetable oil" label, withholding accurate blend proportions, and delivering a product with no olive oil – underscores a dangerous pattern of product deceit that must be stopped.

5. Plaintiff brings this action individually and on behalf of all others similarly situated to hold Defendant accountable for its unlawful, unfair, and fraudulent labeling, advertising, and sale of BELLA GOURMET FOODS "**CANOLA & EXTRA VIRGIN OLIVE OIL MEDITERRANEAN BLEND**", and to obtain restitution, damages, and injunctive relief necessary to prevent ongoing deception.

6. Defendant continues to label, market, and sell this product, using the same misrepresentations, thereby threatening continued harm to consumers absent judicial intervention. Plaintiff therefore brings this action on behalf of himself and a class of similarly situated consumers nationwide and in California for: (1) Violation of

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

California Health & Safety Code § 112895(b); (2) Violation of California Business & Professions Code §§ 17500 et seq.; (3) Violation of California Business & Professions Code §§ 17200 et seq.; (4) Fraud and Deceit under California common law; (5) Breach of the Implied Warranty of Merchantability, California Commercial Code § 2314; and, (6) Unjust Enrichment / Restitution under the common law of California and the United States.

## PARTIES

7. Plaintiff Emmanoel Hallak is over the age of 18 years old, and at all times relevant herein was a resident of San Diego, in the State of California.

8. Defendant Karabetian Import & Distribution, Inc. ("Defendant") is a corporation organized under the laws of the State of California, with its principal place of business in Los Angeles, California. Defendant manufactures, distributes, and sells food products, including the Mislabeled Product, both directly through its website https://karabetian.com/ and through third-party distributors, wholesalers, and retailers throughout the United States.

## JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because this is a class action in which the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, the proposed Classes consist of more than 100 members, and minimal diversity exists. Although Plaintiff Emmanoel Hallak is a citizen of the State of California and Karabetian Import & Distribution, Inc., is registered to do business in the State of California, it boasts on its website that it is "One of the Largest Middle Eastern & Mediterranean Food Distributors in Los Angeles" and supplies its products "to retailers and foodservice partners across North America". Accordingly, at least one member of the proposed Classes is a citizen of a state different from Defendant, satisfying the minimal diversity requirement of CAFA.

10. To the extent any claims do not independently fall within CAFA, this Court has

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because those claims arise from the same common nucleus of operative facts and form part of the same case or controversy under Article III of the United State Constitution.

11. This Court has personal jurisdiction over Defendant because it is registered to do business in California, conducts and continues to conduct substantial business within the state, employs numerous individuals in California, and has intentionally availed itself of the privileges and benefits of California law by operating its business and selling its products in this state.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because (i) Plaintiff Emmanoel Hallak resides within this judicial district; (ii) a substantial part of the events or omissions giving rise to the claims occurred within this judicial district through Defendant's sale of the "Mislabeled Product" at Northpark Produce in El Cajon; and (iii) Defendant conducts business in this district and derives substantial revenue from its activities here.

## FACTUAL ALLEGATIONS

13. Defendant manufactures, distributes, and sells the Mislabeled Product labeled of BELLA GOURMET FOODS "**CANOLA & EXTRA VIRGIN OLIVE OIL MEDITERRANEAN BLEND,**" which is marketed as a cooking oil suitable for various culinary uses, including frying, baking, and salad dressings.

14. Defendant is a food distributor and seller that markets, distributes, and sells a variety of "Middle Eastern" and "Mediterranean" food products throughout North America. Defendant represents on its website, https://karabetian.com, that it supplies "trusted global brands to retailers and foodservice partners across North America."

15. The Mislabeled Product's label prominently "**CANOLA & EXTRA VIRGIN OLIVE OIL MEDITERRANEAN BLEND**" and features an image of olives, suggesting a genuine olive oil product. However, this masks the truth, as laboratory testing conducted as of January, 2026 confirms the product contains no detectable olive oil, consisting entirely of canola oil.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF



///

///

///

///

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF



16.California Health and Safety Code Section 112895(b) requires that blends of olive oil with other oils be labeled as "mixed vegetable oil" and include prominent disclosure of contents and proportions. The Mislabeled Product violates this law in three serious ways: (1) it fails to label the product as "mixed vegetable oil"; (2) it omits

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

disclosure of accurate blend proportions; and (3) it contains no "extra virgin olive oil," and consists entirely of canola oil, a clear departure from the label's implication.

17. This misrepresentation preys on consumers who value olive oil for its recognized worth – a preference supported by the counsel of doctors and health providers – leading them to choose it over alternatives like pure canola oil for reasons they hold important. Defendant 's failure to disclose the true composition undermines this trust.

18. Consumers, including Plaintiff, relied on the labeling, believing he was purchasing a true olive oil blend, only to receive a product consisting entirely of canola oil, as confirmed by laboratory testing conducted as of January 2026.

19. The Mislabeled Product is marketed as "A MEDETERRANEN BLEND" fostering a false impression of its composition.

20. Plaintiff purchased the Mislabeled Product, trusting the labeling, and would not have purchased it or used it if he had known its true composition.

21. Plaintiff has suffered financial harm, having paid for a product he believed was a true olive oil blend, only to discover it consists entirely of canola oil.

22. Defendant's misleading labeling reflects a pattern of conduct that prioritizes profit over consumer trust, with decisions made in California, its principal place of business.

23. Defendant's actions deceive the public, as reasonable consumers expect a product labeled "**CANOLA & EXTRA VIRGIN OLIVE OIL MEDITERRANEAN BLEND,**" with a graphic of olives to contain olive oil, not solely canola oil.

24. These practices, undertaken for Defendant 's financial benefit, create an unfair advantage over competitors and cause significant harm to the public.

A. **Scientific Testing Demonstrates that Defendant's Product Does Not Contain Olive Oil**

25. To verify the accuracy of Defendant's labeling and representations, Plaintiff submitted the Mislabeled Product for independent laboratory testing. The analysis was conducted by Process NMR Associates, LLC ("PNA"), located in Poughkeepsie,

New York, an analytical chemistry laboratory specializing in nuclear magnetic resonance (NMR) spectroscopy for compositional and structural analysis of industrial and food products.

26. Process NMR Associates was founded in 1997 by John Edwards, Ph.D., a physical chemist with more than 25 years of experience in industrial NMR spectroscopy and one of the leading experts in the field. Dr. Edwards personally conducted the analysis of the Mislabeled Product. His laboratory provides analytical NMR testing services to hundreds of corporate clients across the oil, nutraceutical, pharmaceutical, and food industries and is recognized for its expertise in detecting adulteration of edible oils.

27. The Mislabeled Product was analyzed using $^1$H NMR (proton nuclear magnetic resonance) spectroscopy, a scientifically validated method for determining the chemical composition of organic materials. The test was performed using a Varian Mercury 300 MHz NMR spectrometer in deuterated chloroform ($CDCl_3$), a neutral solvent that enables clear hydrogen signal detection. This analysis produces a unique molecular "fingerprint" that allows scientists to identify the type and proportion of oils present in a product.

28. The resulting $^1$H NMR spectrum revealed a complete spectral overlap with 100% canola oil and lacked any resonance peaks characteristic of olive oil.

29. These findings demonstrate that the product marketed as a "**CANOLA & EXTRA VIRGIN OLIVE OIL MEDITERRANEAN BLEND,**" was devoid of olive oil, consisting instead of pure canola oil. The laboratory's analysis provides objective, chemical proof that Defendant's labeling and ingredient representations including the claim that the product contains "extra virgin olive oil," are false and misleading to reasonable consumers.

30. The testing conducted by Process NMR Associates followed established, industry-standard scientific protocols and conforms to quantitative NMR (qNMR) methods recognized by international standards organizations for authenticity testing.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

[1]H NMR spectroscopy is a validated and widely accepted analytical method for verifying the composition of edible oils and detecting adulteration. The results here provide reliable, reproducible, and scientifically sound evidence that Defendant's product was deceptively mislabeled.

B. **Plaintiffs' Experience**

31. Plaintiff Emmanoel Hallak is a resident of San Diego, California.

32. On or about sometime in September, 2025, Plaintiff Hallak purchased a bottle of the Mislabeled Product from "Northpark Produce" grocery store located at 432 E Chase Ave, El Cajon, CA 92020 for a price to be discovered through discovery, drawn by the label's suggestion of a "**CANOLA & EXTRA VIRGIN OLIVE OIL MEDITERRANEAN BLEND,**" and its marketing for culinary use.

33. Plaintiff values olive oil for its recognized worth, a choice informed by the guidance of doctors and health providers and prefers it over pure canola oil for reasons they hold significant, willing to pay a premium for authenticity.

34. Plaintiff regularly used the Mislabeled product in cooking, reasonably believing it to be an olive oil product based on its labeling and presentation. Plaintiff later learned that the product was not olive oil as represented, but instead consisted entirely of canola oil.

35. Plaintiff, through his counsel, submitted the Mislabeled Product for independent laboratory testing at Process NMR Associates, LLC ("PNA"), located in Poughkeepsie, New York.

36. The test revealed that the "**CANOLA & EXTRA VIRGIN OLIVE OIL MEDITERRANEAN BLEND,**" he had purchased was a complete spectral overlap with canola oil and lacked any resonance peaks characteristic of olive oil.

37. Plaintiff felt deeply misled by the Mislabeled Product's labeling, which used "**CANOLA & EXTRA VIRGIN OLIVE OIL MEDITERRANEAN BLEND,**" and imagery featuring a cluster of olives displayed prominently on the product's face to suggest a genuine product comprised of olive oil.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

38. Had Plaintiff known the true composition of the Mislabeled Product, he would not have purchased it or consumed it.

39. Plaintiff's experience is typical of the class members, who were similarly deceived by Defendant's labeling practices and relied on the misleading label to their detriment.

## CLASS DEFINITIONS AND ALLEGATIONS

40. Plaintiff brings this action individually and on behalf of all others similarly situated pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure. Plaintiff seeks certification of the following Classes:

> **Nationwide Class:** All persons in the United States who, within the four (4) years preceding the filing of this Complaint (or within the applicable shorter limitations period for any claim asserted herein), purchased the product labeled BELLA GOURMET FOODS "**CANOLA & EXTRA VIRGIN OLIVE OIL MEDITERRANEAN BLEND**," for personal, household, or consumer use, and not for resale.

> **California Subclass:** All persons who, within the four (4) years preceding the filing of this Complaint (or within the applicable shorter limitations period for any claim asserted herein), purchased the product labeled BELLA GOURMET FOODS "**CANOLA & EXTRA VIRGIN OLIVE OIL MEDITERRANEAN BLEND**," for personal, household, or consumer use, and not for resale.

41. Excluded from the Class are Defendant, its officers and directors, families and legal representatives, heirs, successors, or assigns and any entity in which Defendant has a controlling interest, and any Judge assigned to this case and their immediate families.

42. Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

- 11 -

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

43. This action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23 for the reasons set forth below.

44. **Numerosity:** Members of the Classes are so numerous that joinder of all Members is impracticable. Although the exact number of Class Members is unknown to Plaintiff at this time, Plaintiff is informed and believes that the number is in the thousands, if not millions, based on the widespread availability of the Mislabeled Product in retail outlets throughout California and the United States, including through online platforms.

45. **Common Questions Predominate:** There are questions of law and fact common to the classes that predominate over any individual issues including but not limited to:

a. Whether Defendant 's labeling of the Mislabeled Product as BELLA GOURMET FOODS **"CANOLA & EXTRA VIRGIN OLIVE OIL MEDITERRANEAN BLEND,"** violates California Health and Safety Code Section 112895(b) by failing to label it as "blended vegetable oil" and omitting accurate blend proportions;

b. Whether Defendant 's labeling of the Mislabeled Product as **"CANOLA & EXTRA VIRGIN OLIVE OIL MEDITERRANEAN BLEND,"** violates California Health and Safety Code Section 112895(b) by misrepresenting a product that laboratory testing conducted as of January 2026 confirms contains no olive oil and consists entirely of canola oil.

c. Whether Defendant's failure to label the product as "mixed vegetable oil," or to disclose accurate blend proportions, violated California Health and Safety Code § 112895(b) and other labeling regulations;

d. Whether Defendant's representations regarding the composition, source, and quality of the "Mediterranean Blend," including claims that it was "Kosher Pareve" and contained "0% Trans Fat" "0% Cholesterol" were false, misleading, or likely to deceive reasonable consumers;

- 12 -

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

e. Whether Defendant knew or should have known that the "Mediterranean Blend" contained no olive oil prior to or during the period it was labeled, marketed, and sold to consumers;

f. Whether Defendants' advertising, marketing, and sales practices were false, misleading, or deceptive;

g. Whether Defendants' practices violate California Business and Professions Code Sections 17200, et seq., and 17500, et seq.;

h. Whether Defendants' practices constitute fraud and deceit;

i. Whether Defendants breached the implied warranty of merchantability;

j. Whether Defendants were unjustly enriched by their practices;

k. Whether Plaintiff and class members suffered injury in fact and lost money or property as a result of Defendants' practices;

l. Whether Defendant has been unjustly enriched by the sale of the Mislabeled Product and the appropriate measure of restitution, disgorgement, and damages;

m. Whether Defendant's misrepresentations and omissions caused consumers to pay more for the product than it was worth and whether Plaintiff and Class Members suffered ascertainable loss or injury in fact as a result;

n. Whether Defendant's deceptive labeling, advertising, and marketing practices are ongoing and generally applicable to all Class Members;

o. Whether injunctive and declaratory relief are necessary to prevent Defendant from continuing to mislabel, advertise, or sell the product as "Mediterranean Blend";

p. The appropriate corrective labeling, disclosure, or reformulation required to bring the product into compliance with California Health and Safety Code § 112895(b) and to prevent future consumer deception; and,

q. The appropriate measure of restitution, damages, and injunctive relief.

- 13 -

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

46. **<u>Typicality:</u>** Plaintiff's claims are typical of the claims of the class members they seek to represent, because Plaintiff, like Class members purchased Defendant's product believing it to be a true olive oil blend when it was not. Defendant's unlawful, unfair, and/ or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff and the Class sustained similar injuries, including financial harm, arising out of Defendant's conduct. Plaintiff's and Class members' claims arise from the same practices and course of conduct and are based on the same legal theories.

47. **<u>Adequacy:</u>** Plaintiff is an adequate representative of the Classes he seeks to represent because he is committed to seeking justice for those affected and their interests do not conflict with the interests of the members of the Classes. Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel experienced and competent in prosecution of complex class actions, including complex questions that arise in consumer protection litigation.

48. **<u>Superiority:</u>** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because:

    a. Class-wide damages are essential to induce Defendant to comply with California and Federal Law.

    b. Individual lawsuits would be impractical given the number of class members and the relatively small individual damages, while a class action ensures centralized accountability for Defendant 's actions and provides relief to those it has wronged.

    c. Because of the relatively small size of Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct

    d. Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

unnecessary duplication of effort and expense that numerous individual actions would endanger.

## PLAINTIFFS FIRST CAUSE OF ACTION

### (Violation of California Health and Safety Code § 112895(b))

(On Behalf of Himself and the California Subclass)

49. Plaintiff realleges and incorporate by reference the allegations contained in the preceding paragraphs of this complaint as if fully set forth herein.

50. Beginning at an exact date unknown to Plaintiff, but within four (4) years preceding the filing of this Class Action Complaint, Defendant made untrue, false, deceptive, and/or misleading statements in connection with the labeling and marketing of the Mislabeled Product.

51. Defendant made representations and statements (by omission and commission) that led reasonable customers to believe that they were purchasing a true olive oil blend. Defendant deceptively failed to inform Plaintiff, and those similarly situated, that the Mislabeled Product contained no olive oil, consisting entirely of canola oil, and committed a triple violation of California Health and Safety Code Section 112895(b) by (1) failing to label it as "mixed vegetable oil," (2) omitting accurate blend proportions, and (3) misrepresenting a product with no detectable olive oil.

52. Plaintiff and those similarly situated relied to their detriment on Defendant's false, misleading, and deceptive labeling and marketing practices. Had they been informed of the truth and not deceived, they would not have purchased or consumed the Mislabeled Product.

53. Defendant's actions are likely to mislead the public, reflecting a serious lapse in responsibility.

54. Defendant engaged in these deceptive labeling, marketing, and sales practices to increase its profits, making decisions in California, its principal place of business. This conduct violates California Health and Safety Code Section 112895(b).

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

55. These practices, undertaken for Defendant's financial benefit, create an unfair advantage over competitors and cause harm to the public, a matter that requires resolution.

56. Plaintiff seeks, on behalf of those similarly situated, full restitution of monies to recover losses incurred due to Defendant's actions, plus interest.

57. Plaintiff seeks an injunction to prevent Defendant from continuing these deceptive labeling, marketing, and sales practices, with the misconduct occurring within four (4) years preceding this filing.

58. Plaintiff and those similarly situated seek a declaration that these practices violate the law and injunctive relief to stop Defendant's ongoing deception. Without this, Defendant will continue to cause injury and loss, necessitating repeated legal action by affected consumers who deserve better protection under California Health and Safety Code Section 112895(b).

59. As a direct result, Plaintiff and the Class have suffered injury and lost money due to Defendant's misleading labeling, in an amount to be proven at trial, exceeding the jurisdictional minimum.

## PLAINTIFF'S SECOND CAUSE OF ACTION

**(False Advertising in Violation of California Business & Professions Code § 17500 et seq.)**

(On Behalf of Himself and the California Subclass)

60. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61. Beginning at an exact date unknown to Plaintiff, but within four (4) years preceding the filing of this Class Action Complaint, Defendant made untrue, false, deceptive, and/or misleading statements in connection with the advertising and marketing of the Mislabeled Product.

62. Defendant made representations that led reasonable customers to believe they were purchasing a true olive oil blend. It failed to disclose that the Mislabeled Product

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

contained no olive oil, consisting entirely of canola oil, violating California Health and Safety Code Section 112895(b) by (1) not labeling it as "mixed vegetable oil," (2) omitting accurate blend proportions, and (3) misrepresenting the absence of olive oil.

63. Plaintiff and those similarly situated relied on Defendant's deceptive advertising, and had they known the truth, they would not have purchased or consumed the Mislabeled Product.

64. Defendant's actions are likely to mislead the public, indicating a serious breach of duty.

65. Defendant engaged in these deceptive advertising practices to boost its profits, with decisions made in California, violating California Business and Professions Code Section 17500, et seq.

66. These practices, driven by Defendant's financial interests, create an unfair advantage and harm the public, necessitating action.

67. Plaintiff seeks full restitution on behalf of those similarly situated to recover losses from Defendant's deception, plus interest.

68. Plaintiff seeks an injunction to stop Defendant's ongoing deceptive advertising practices, with the misconduct occurring within four (4) years preceding this filing.

69. Plaintiff and the Class seek a declaration that these practices violate the law and injunctive relief to prevent future deception by Defendant. Without this, ongoing harm will continue, requiring repeated legal recourse by affected consumers under California Business and Professions Code Section 17500, et seq.

70. As a result, Plaintiff and the Class have suffered injury and lost money due to Defendant 's misleading advertising, in an amount to be proven at trial, exceeding the jurisdictional minimum.

## PLAINTIFF'S THIRD CAUSE OF ACTION

**(Unfair Competition in Violation of California Business & Professions Code Section 17200 et seq.)**

(On Behalf of Himself and the California Subclass)

- 17 -

71. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

72. Defendant's misleading labeling, advertising, marketing, and sales practices constitute unfair, unlawful, and fraudulent business practices under California Business and Professions Code Section 17200, et seq.

73. Defendant's actions in designing deceptive labeling and marketing, have injured Plaintiff and class members by overcharging for a product believed to be a true olive oil blend, confirmed by laboratory testing as of January 2026 to contain no olive oil.

74. Plaintiff seeks full restitution on behalf of those similarly situated to recover losses from Defendant's unfair practices, plus interest.

75. Plaintiff seeks an injunction to prevent Defendant from continuing these unfair, unlawful, and fraudulent business practices, with the misconduct occurring within four (4) years preceding this filing.

76. Plaintiff and the Class seek a declaration that these practices violate the law and injunctive relief to stop Defendant's ongoing deception. Without this, continued harm will persist, requiring repeated legal action by affected consumers under California Business and Professions Code Section 17200, et seq.

77. As a result, Plaintiff and the Class have suffered injury and lost money due to Defendant's unfair practices, in an amount to be proven at trial, exceeding the jurisdictional minimum.

## PLAINTIFF'S FOURTH CAUSE OF ACTION

### (Fraud and Deceit)

(On Behalf of Himself and the Nationwide Class)

78. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79. Defendant knowingly and intentionally misrepresented the Mislabeled Product by labeling it as "Mediterranean Blend," when laboratory testing conducted as of

January 2026 confirms it contains no olive oil and consists entirely of canola oil, in violation of California Health and Safety Code § 112895(b).

80. Defendant made these misrepresentations on the front label of the product packaging where it advertised the product as a "Mediterranean Blend" of canola oil and olive oil. These statements were made to consumers, including Plaintiffs, at the point of sale and in online product listings throughout the applicable class period. Plaintiff purchased the product in reliance on these representations within the four years preceding the filing of this Complaint.

81. Plaintiff and Class members reasonably relied on Defendant's misrepresentations and omissions, believing the product contained olive oil, and suffered economic injury as a result.

82. Defendant's fraudulent conduct was willful, knowing, and intentional. Defendant was aware that the product contained no olive oil at the time it labeled and sold it as a "Canola & Extra Virgin Olive Oil" and nevertheless continued to market and distribute it with the intent to deceive consumers and increase profits. Defendant's actions were undertaken with conscious disregard for consumer rights and safety, warranting punitive and exemplary damages.

83. As a result, Plaintiff and the Class have suffered injury and lost money due to Defendant's fraud, in an amount to be proven at trial, exceeding the jurisdictional minimum.

84. As a direct and proximate result of Defendant's fraudulent misrepresentations and omissions, Plaintiff and the Class paid more for the product than it was worth, were deprived of the benefit of their bargain, and suffered measurable economic damages.

85. Defendant continues to label, market, and sell the same or substantially similar product with the same false representations. Absent injunctive relief, Plaintiff and the Class will continue to face the risk of future deception and harm.

## PLAINTIFF'S FIFTH CAUSE OF ACTION

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**Breach of Implied Warranty of Merchantability (California Commercial Code Section 2314)**

(On Behalf of Himself and the Nationwide Class)

86. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

87. Defendant, as manufacturer, distributor, and retailer, impliedly warranted that the Mislabeled Product was merchantable and fit as a true olive oil blend for culinary use.

88. The Mislabeled Product was not merchantable, as laboratory testing conducted as of January 2026 confirms it contains no olive oil, consisting entirely of canola oil, failing to meet consumer expectations and causing financial harm.

89. Plaintiff and class members relied on the implied warranty of a true olive oil blend, but the product's pure canola oil composition, confirmed by testing, renders it unfit, resulting in economic loss.

90. As a result of Defendant's breach, Plaintiffs and the Class have suffered injury and lost money, in an amount to be proven at trial, exceeding the jurisdictional minimum.

## PLAINTIFF'S SIXTH CAUSE OF ACTION

**Unjust Enrichment**

(On Behalf of Himself and the Nationwide Class)

91. Plaintiff realleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

92. Defendant has been unjustly enriched by selling the Mislabeled Product, which consumers overpaid for believing it was a true olive oil blend, when laboratory testing conducted as of January 2026 confirms it contains no olive oil.

93. Defendant has no right to retain these profits, and it would be unjust to allow it to benefit from this deception.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

94.Plaintiff and the Class are entitled to restitution of the amounts paid, less the fair market value if properly labeled as pure canola oil, in an amount to be proven at trial, exceeding the jurisdictional minimum.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For an order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3)

2. For an order appointing Plaintiff as representatives of the Classes and appointing their counsel as class counsel;

3. For full restitution of all monies acquired by Defendants from Plaintiff and class members through the sale of the Mislabeled Product, in an amount to be determined at trial;

4. For disgorgement of all profits obtained by Defendants from the sale of the Mislabeled Product, in an amount to be determined at trial;

5. For compensatory damages, including damages for breach of implied warranty of merchantability, in an amount to be determined at trial;

6. For punitive damages against Defendant for its willful, malicious, and oppressive conduct, in an amount to be determined at trial;

7. For prejudgment interest on all monetary awards at the legal rate pursuant to California Civil Code Section 3287(a);

8. For declaratory relief, declaring that Defendant's labeling, marketing, and sales practices violate California law;

9. For injunctive relief, including an order enjoining Defendants from continuing to label, market, or sell the Mislabeled Product as **"CANOLA & EXTRA VIRGIN OLIVE OIL MEDITERRANEAN BLEND,"** and requiring Defendant to

- 21 -

reformulate the product label to "blended vegetable oil" with the contents and proportions prominently displayed, in compliance with California Health and Safety Code Section 112895(b);

10.   For reasonable attorneys' fees according to proof, pursuant to California Code of Civil Procedure Section 1021.5, California Civil Code § 1780(e), and other applicable law;

11.   For restitution and disgorgement pursuant to Business and Professions Code §§ 17203 and 17535;

12.   For costs of suit incurred; and

13.   For such further relief as this Court may deem just and proper.

## <u>JURY TRIAL DEMANDED</u>

Plaintiff hereby demands a trial by jury.

Dated: May 28, 2026                    Respectfully submitted,

SWIGART LAW GROUP, APC

<u>/s/ Joshua B. Swigart</u>
Joshua B. Swigart
Katherine A. Tuohy

THE LAW OFFICES OF QUINTIN SHAMMAM

<u>*/s/ Quintin G. Shammam*</u>
Quintin G. Shammam

THE LAW OFFICE OF JOSEPH M. ATTIQ

<u>*/s/Joseph M. Attiq*</u>
Joseph M. Attiq

Attorney for Plaintiffs

- 22 -

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF